# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WILLIAM W. BISHOP, III, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 19-cv-1034-SMY |
| C/O JOHNSON, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff William W. Bishop, III, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint: On May 29, 2019, C/O Johnson instructed inmates in Plaintiff's row of the commissary to dump their trays. (Doc. 1, p. 6). Plaintiff took an alternative route through empty tables to get to the back of the line because the line was backed up. While waiting in line, a fellow inmate said hi and Plaintiff replied to the inmate. After dumping his tray, Johnson approached Plaintiff and asked him what he was doing. Plaintiff replied that he dumped his tray and said hi to a friend. Johnson responded, "you can't do that shit, I could

1

write you up for an STG, I could make something up, and take you to seg for no reason." (*Id*.). Plaintiff wrote a grievance about Johnson's actions. One week later, Johnson approached Plaintiff as he was leaving his cell for dinner. (Doc. 1, p. 6). Plaintiff was tucking in his shirt and Johnson asked if he was dumb and deaf and told Plaintiff to lock up. He also took Plaintiff's meal away from him.

### Discussion

Plaintiff's allegations fail to state a claim. Plaintiff's Complaint suggests that C/O Johnson threatened him on one occasion and took his meal away from him on another occasion. *DeWalt v. Carter* 224 F.3d 607, 612 (7th Cir. 2000) (verbal harassment alone does not amount to cruel and unusual punishment); *Dobbey v. Illinois Dept. of Corrections,* 574 F.3d 443, 446 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."). Further, the withholding of a meal on a single occasion does not, in and of itself, violate the Eighth Amendment. See *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999). Although Plaintiff indicates that he filed a grievance against Johnson, he does not allege that Johnson took his meal away from him in retaliation.

Further, to the extent Plaintiff seeks the restoration of his good time credits as part of his request for relief, he has a single federal remedy available to him; a petition for writ of habeas corpus. *Whitlock v. Johnson*, 153 F.3d 380, 389 (7th Cir. 1998); *Heck v. Humphrey,* 512 U.S. 477, 480-81, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Section 1983 provides him with no avenue to this relief.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **JANUARY 6, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: December 5, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
