# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM W. BISHOP, III, #M48349, | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 19-cv-01034-SMY |
| C/O JOHNSON, | ) ) ) |
| Defendant. | ) |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff William W. Bishop, III filed this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). The Complaint did not survive screening because Plaintiff failed to state a claim for relief, and on December 5, 2019, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 12). Plaintiff was granted leave to file a First Amended Complaint on or before January 6, 2020. (Doc. 12, p. 3). Plaintiff was warned that if he failed to submit a First Amended Complaint, this case would be dismissed with prejudice. (*Id.*). The deadline to file a First Amended Complaint has passed. Plaintiff has not filed a First Amended Complaint, nor has he requested an extension.

Accordingly**,** this action is **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint and failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Further, because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28**

**U.S.C. 1915(g)**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be without merit, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED:  January 17, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**